IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHANNON R.,[1]

      Plaintiff,

v.                                                                       Case No. 1:24-cv-01143-MLG-LF

FRANK BISIGNANO,[2] Commissioner
of the Social Security Administration

      Defendant.

**PROPOSED FINDINGS & RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on plaintiff Shannon R.'s Motion for Judgment on the Pleadings (Doc. 10), which was fully briefed on May 21, 2025. *See* Docs. 10, 16. United States District Judge Matthew Garcia referred this case to me under 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Virginia Beach Federal Savings & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990) "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." Doc. 17 at 1. Having read the briefing and being fully advised in the premises, I recommend that the Court find that the Administrative Law Judge's ("ALJ") finding that Plaintiff's autonomic dysfunction did not meet or equal a Listing was impermissibly conclusory and constituted

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

[2] Frank Bisignano was sworn in as the Commissioner of the Social Security Administration on May 7, 2025, and is automatically substituted as the defendant in this action. FED. R. CIV. P. 25(d); 42 U.S.C. § 405(g) (stating that such an action "shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office").

reversible error.  I therefore recommend that the Court grant Plaintiff's motion and remand this matter to the Commissioner for further proceedings.

## I.      Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[3] is supported by substantial evidence and whether the correct legal standards were applied.  *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008).  If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands, and the plaintiff is not entitled to relief.  *See Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004).  "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal."  *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (citation modified) (quotation omitted).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Langley*, 373 F.3d at 1118.  A decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."  *Id.* (quoting *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988)).  While the Court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met."  *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005).  "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence."  *Lax*

---

[3]   The Court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 404.981, as it is in this case.

*v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. Fed. Aviation Admin.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

In the typical case, the Court's decision is based on a "meticulous" review of the entire record, where it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Flaherty v. Astrue,* 515 F.3d 1067, 1070 (10th Cir. 2007). In this case, however, Plaintiff alleges that the ALJ failed to apply the correct legal standards at steps three and four. *See Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993) ("[I]f the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."). I therefore have read and carefully considered the portions of the record that bear on the legal arguments Plaintiff has raised, but I have not meticulously reviewed the entire record, as is usually the case.

## II.    Applicable Law and Sequential Evaluation Process

To qualify for disability benefits, a claimant must establish that he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); *see* 20 C.F.R. § 404.1505(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show:  (1) the claimant is not engaged in "substantial gainful activity"; (2) the claimant has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected

3

to last for at least one year; *and* (3) the impairment(s) either meet or equal one of the Listings[4] of presumptively disabling impairments; *or* (4) the claimant is unable to perform his or her "past relevant work."  20 C.F.R. §§ 404.1520(a)(4)(i–iv); *see Grogan*, 399 F.3d at 1261.  If the claimant cannot show that his or her impairment meets or equals a Listing but proves that he or she is unable to perform his or her "past relevant work," the burden of proof shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering the claimant's residual functional capacity ("RFC"), age, education, and work experience.  *Grogan*, 399 F.3d at 1261.

### III.    Background and Procedural History

Plaintiff was 52 years old at the time of the alleged disability onset date, has at least a high school education, and lives with her husband and mother.  AR 148, 275, 285.[5]  Plaintiff has worked as a clinical therapist and counselor.  AR 148.  Plaintiff filed an application for Disability Insurance Benefits ("DIB") on February 10, 2021, alleging disability since August 11, 2020, due to traumatic brain injury, post-concussion syndrome, autonomic dysfunction,[6] neurocardiogenic syncope, chronic fatigue syndrome, heart palpitations, migraines, myofascial pain syndrome, hypotension, and depression.  AR 134, 341.  The Social Security Administration ("SSA") denied her claim initially and on reconsideration.  AR 134.  Plaintiff requested a hearing before an administrative law judge ("ALJ").  AR 134.  On December 12, 2023, ALJ Kelly Matthews held

---

[4] 20 C.F.R. pt. 404, subpt. P, app. 1.

[5] Document 8 and its nine attachments are the sealed Administrative Record ("AR").  When citing to the record, the Court cites to the AR's internal pagination in the lower right-hand corner of each page, rather than to the CM/ECF document number and page.

[6] "Autonomic dysfunction," or dysautonomia, refers to disorders of the autonomic nervous system (ANS) that impair involuntary bodily functions like heart rate, blood pressure, breathing, digestion, and temperature regulation.  *See Dysautonomia*, Cleveland Clinic (Sept. 11, 2023), https://my.clevelandclinic.org/health/diseases/6004-dysautonomia.

an online video hearing. *Id.* ALJ Matthews issued her unfavorable decision on March 26, 2024. AR 131.

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2023. AR 136. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 11, 2020, her alleged onset date. AR 137. At step two, the ALJ found that Plaintiff's somatic symptom disorder, conversion disorder, anxiety disorder, traumatic brain injury, and autonomic dysfunction were severe impairments. *Id.* At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. AR 138–40. Because the ALJ found that none of the impairments met a Listing, the ALJ assessed Plaintiff's RFC. AR 140–48. The ALJ found that Plaintiff had the RFC to

> to perform light work as defined in 20 CFR 404.1567(b) except she could occasionally climb ramps and stairs; never climb ladders, ropes, and scaffolds; frequently balance; occasionally stoop; and frequently kneel, crouch, and crawl. The claimant could never be exposed to workplace hazards such as unprotected moving machinery, unprotected heights, or commercial driving. She could work in an environment with no exposure to direct bright light, sunlight, or something similar to sunlight. The claimant was able to understand, carry out, and remember detailed, but not complex instruction; and could have frequent interactions with the public and coworkers, and occasional interaction with supervisors.

AR 140.

At step four, the ALJ concluded that Plaintiff was not capable of performing her past relevant work as a clinical therapist (sedentary and skilled) and counselor (sedentary and skilled). AR 148. At step five, the ALJ found that Plaintiff was able to perform work that existed in sufficient numbers in the national economy, including as a Marker, Routing Clerk, and Cleaner (housekeeping). AR 149–50. The ALJ thus found Plaintiff not disabled at step five. AR 150.

Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. AR 1. On September 9, 2024, the Appeals Council denied the request for review. *Id.* Plaintiff timely filed her appeal to this Court on November 7, 2024.[7] *See* Doc. 1.

### IV.    Plaintiff's Claims

Plaintiff raises three main arguments for reversing and remanding this case. Two of those arguments regard the ALJ's alleged failure to properly incorporate, or at least explain the omission of, certain limitations in Plaintiff's RFC, despite the ALJ's finding that the medical opinions that prescribe those limitations were persuasive. Doc. 10-2 at 7–18. Plaintiff also argues that the ALJ's finding that Plaintiff's autonomic dysfunction did not meet or medically equal a Listing was impermissibly perfunctory and legally insufficient. *Id.* at 19–23. I agree with Plaintiff's latter argument; I therefore recommend that the Court remand this case without addressing Plaintiff's other two arguments.

### V.    Analysis

A.    <u>The ALJ's conclusory finding that Plaintiff's autonomic dysfunction did not meet or equal a Listing is reversible error.</u>

At step three of the sequential evaluation process, the ALJ considers whether the medical severity of a claimant's impairment(s) meets or equals a Listing, and if so, the ALJ will find the claimant disabled. 20 C.F.R. § 404.1520(a)(4)(iii). If a claimant has an impairment that is not described in the Listings, then the ALJ must "compare [the claimant's] findings with those for closely analogous listed impairments" to determine whether those findings "are at least of equal medical significance to those of a listed impairment." 20 C.F.R. § 404.1526(b)(2).

---

[7] A claimant has 60 days to file an appeal. The 60 days begins running five days after the decision is mailed. 20 C.F.R. § 404.981; *see also* AR 3.

"The ALJ's step three finding should discuss the evidence and explain why the ALJ found that the claimant was not disabled at that step." *Dye v. Barnhart*, 180 F. App'x 27, 28 (10th Cir. 2006) (citing *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996)). "[I]t is not sufficient for an ALJ to simply state in summary form that a claimant's impairments do not meet or equal the Listed Impairments." *Griego v. Colvin*, No. 14-cv-00647-SCY, 2016 WL 10592154, at *3 (D.N.M. Jan. 21, 2016) (citing *Clifton*, 79 F.3d at 1009). However, while a conclusory analysis at stage three is error, that error is not reversible where "confirmed or unchallenged findings made elsewhere in the ALJ's decision confirm the step three determination under review, and no reasonable factfinder could conclude otherwise." *Dye*, 180 F. App'x at 29 (quotations and citations omitted). In other words, while ALJs are encouraged "to render complete findings and conclusions at each step of the five-part process," an ALJ's more detailed analysis at other steps may salvage an impermissibly conclusory analysis at step three. *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731, 733–35 (10th Cir. 2005).

Here, although the ALJ analyzed many of Plaintiff's severe impairments at step three in detail with reference to specific Listings and citations to evidence in the record, the ALJ's step three analysis of Plaintiff's autonomic dysfunction was as follows: "There is no listing, which specifically addresses autonomic dysfunction. There is no evidence, however, that through the date last insured, the impairment, alone or in combination with the claimant's traumatic brain injury, was of the severity to meet or equal the criteria of a listed impairment." AR 138. While the ALJ is correct that there is no Listing that specifically addresses autonomic dysfunction, *see generally* 20 C.F.R. pt. 404, subpt. P, app. 1, where an impairment is not described in the Listings, the regulations require the ALJ to compare findings related to that impairment "with those for closely analogous listed impairments." 20 C.F.R. § 404.1526(b)(2). The ALJ stopped

7

her analysis after concluding that Plaintiff's autonomic dysfunction is not described in the Listings, and there is no indication that she attempted to compare Plaintiff's findings to those of a closely analogous listed impairment. *Cf. Clifton*, 79 F.3d at 1009 (finding error where an ALJ's step three analysis only stated that a claimant's "impairments did not meet or equal any Listed Impairment" and the ALJ "did not discuss the evidence or his reasons . . . or even identify the relevant Listing or Listings").

The Commissioner argues that the ALJ did compare Plaintiff's autonomic dysfunction to three Listings—specifically Listing 11.8 (Traumatic brain injury), Listing 12.06 (Anxiety and obsessive-compulsive disorders), and Listing 12.07 (Somatic symptom and related disorders). Doc. 16 at 16. But the ALJ never explicitly compared Plaintiff's autonomic dysfunction to the criteria of any of those Listings, either alone or in combination with Plaintiff's other severe impairments. *See* AR 138–40. The ALJ did not refer to these Listings in the single paragraph in which the ALJ discusses Plaintiff's autonomic dysfunction; the ALJ only refers to these Listings in separate paragraphs that relate only to Plaintiff's other impairments. *See id.* (discussing Listing 11.18 specifically in reference to Plaintiff's traumatic brain injury and Listings 12.06 and 12.07 specifically in reference to Plaintiff's mental impairments). Neither the Commissioner nor the Court can supply the necessary analysis. *See Haga v. Astrue*, 482 F.3d 1205, 1207–08 (10th Cir. 2007) (noting that a court "may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself").

The Commissioner also argues that the Court should find Plaintiff's argument waived because "Plaintiff does not identify any Listing, let alone does she direct the Court to any evidence suggesting her conditions met or medically equaled all the criteria of a Listing." Doc. 16 at 15. While this is true, the Commissioner has not offered any authority that holds that a

claimant bears the burden of identifying the relevant Listings.  On the contrary, Tenth Circuit case law strongly supports the view that the ALJ bears the burden of identifying relevant Listings at step three, while the claimant only bears the burden of presenting sufficient evidence to establish that her impairments meet or equal a Listing.  *See Fischer-Ross*, 431 F.3d at 733 & n.3 (noting that Tenth Circuit precedent "appeared to place the burden on the ALJ to identify any relevant listing(s) in light of the evidence which a claimant has produced"); *see also Clifton*, 79 F.3d at 1009 (in reversing ALJ determination that claimant was not disabled at step three, court noted that ALJ did not "even identify the relevant Listing or Listings"); *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 120 n.2 (3rd Cir. 2000) (concluding that the ALJ has the responsibility for identifying the relevant Listing).  The case that the Commissioner cites for support, *Aslan v. Colvin*, is consistent with this precedent.  *See* 637 F. App'x 509, 509 (10th Cir. 2016).  In *Aslan*, the Tenth Circuit did not take issue with the claimant's failure to identify a Listing—the claimant had identified a Listing—but rather his failure to point to any evidence that he suffered from a condition that satisfied that Listing.  *See id.*  Indeed, the district court opinion that the *Aslan* Court affirmed noted that the ALJ considered the criteria of several Listings in the challenged step three analysis.  *See Aslan v. Colvin*, No. CIV-13-1319-M, 2015 WL 1358852, at *6 (W.D. Okl. Mar. 24, 2015).  Here, although the ALJ stated that there is no Listing that specifically addresses autonomic dysfunction, the ALJ did not take the next step of identifying a closely analogous listed impairment and comparing Plaintiff's autonomic dysfunction to that Listing.  *See* AR 138; 20 C.F.R. § 404.1526(b)(2).

The ALJ's later analysis does not mitigate this omission to the point of harmless error. The ALJ does describe Plaintiff's autonomic dysfunction and its symptoms at points during her step four analysis, *see* AR 141–43, but these references do not make clear whether the ALJ

9

determined there to be a comparable Listing, and if so, how Plaintiff's findings fell short of that Listing's criteria, *see Dye*, 180 F. App'x at 29–30 (analyzing an ALJ's step four analysis in reference to a specified Listing); *Fischer-Ross*, 431 F.3d at 734–35 (analyzing an ALJ's step four and five analyses in reference to specified Listings). Without more, I cannot "confirm the step three determination under review" nor propose a finding that "no reasonable factfinder could conclude otherwise." *Dye*, 180 F. App'x at 29 (quoting *Fischer-Ross*, 431 F.3d at 734–35). Accordingly, I recommend that the Court find that the ALJ's finding that Plaintiff's autonomic dysfunction did not meet or equal a Listing was impermissibly conclusory and constituted reversible error.

   B. <u>The Court need not reach Plaintiff's remaining contentions of error.</u>

  Plaintiff's remaining arguments concern the sufficiency of the ALJ's analysis at step four; specifically, whether the ALJ appropriately crafted Plaintiff's RFC. *See* Doc. 10-2 at 7–18. Because I recommend that the Court remand based on the ALJ's analysis at step three, it is unnecessary for the Court to reach Plaintiff's contentions of error at step four. *See Clifton*, 79 F.3d at 1010; *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

**VI. Conclusion**

  For the foregoing reasons, I recommend that the Court find that the ALJ reversibly erred in her analysis of whether Plaintiff's autonomic dysfunction met or medically equaled a Listing. I therefore recommend that the Court GRANT Plaintiff's Motion for Judgment on the Pleadings (Doc. 10) and remand this matter to the Commissioner for further proceedings consistent with the Court's opinion.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific.** *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, **73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of** *de novo* **review by a district or appellate court.** *Id.* **In other words, if no objections are filed, no appellate review will be allowed.**

_____
Laura Fashing
United States Magistrate Judge